1  Yasha Bronshteyn, Esq.
2  Ginzburg & Bronshteyn, LLP
3  11111 Santa Monica Boulevard, Suite 1840
4  Los Angeles, CA 90025
5  Tel. (310)914-3222
6  Fax (310)914-4242
7  SBN: 210248
8
9  Wayne D. Lonstein, Esq.
10 Lonstein Law Office, P.C.
11 1 Terrace Hill, P.O. Box 351
12 Ellenville, NY 12428
13 Tel. (845) 647-8500
14 Fax (845) 647-6277
15 Email: Wayne@signallaw.com

COPY

FILED

2010 APR 15  PM 9: 42

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY:

18                    UNITED STATES DISTRICT COURT FOR THE
19                       CENTRAL DISTRICT OF CALIFORNIA
20                              SOUTHERN DIVISION
21

22 -------------------------------------------------------
23 DIRECTV, Inc., a California corporation,
24
25                        Plaintiff,
26
27          v.                                            Civil Action No.
28
29 PETER AN PHUONG NGO NGUYEN and            **CV10-2743 AHM (RZx)**
30 MY  THI  UONG,  Individually,  and  as
31 officers,  directors,  shareholders  and/or
32 principals of CLOUD 9 RESTAURANT
33 INC., d/b/a CLOUD 9 RESTAURANT, and
34 CLOUD  9  RESTAURANT  INC.,  d/b/a
35 CLOUD 9 RESTAURANT,
36
37                        Defendants.
38 -------------------------------------------------------
39
40
41
42                                                         COMP.
43

-1-

## PLAINTIFF'S ORIGINAL COMPLAINT

1.      Plaintiff, DIRECTV, sues PETER AN PHUONG NGO NGUYEN and MY THI UONG, Individually, and as officers, directors, shareholders and/or principals of CLOUD 9 RESTAURANT INC., d/b/a CLOUD 9 RESTAURANT, and CLOUD 9 RESTAURANT INC., d/b/a CLOUD 9 RESTAURANT, (referred to hereinafter as "Defendants"), and states as follows:

## I. JURISDICTION

2.      This lawsuit is brought pursuant to the Cable Communications Policy Act of 1984, 47 U.S.C. § 521, *et seq.* (The "Act"), as an action for declaratory and injunctive relief and damages for the improper receipt, transmission, and exhibition of satellite programming signals in violation of the Act. This Court has jurisdiction of the subject matter to this action under 28 U.S.C. §1331. Pursuant to which the United States District Courts have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.

3.      This Court has personal jurisdiction over the parties in this action. Defendants to this action had or have an agent or agents who has or have independently transacted business in the District of California and certain activities of Defendants giving rise to this action took place in the District of California; more particularly, Defendants' acts of violating federal laws and the proprietary rights of DIRECTV, Inc., as distributor of the satellite programming transmission signals which took place within the District of California. Moreover, upon information and belief, Defendants have their principal place of business within the District of California; thus, this Court

COMP.

1    has personal jurisdiction over Defendants.

2

3                      **II. VENUE**

4        4.      Venue is proper in this judicial district under 28 U.S.C. §1391(b) as a substantial part

5    of the events or omissions giving rise to the claim occurred within Orange County, which is within

6    the District of California [28 U.S.C.§ 84(c)(3)].

7

8                    **III. PARTIES**

9        5.      Plaintiff, DIRECTV, Inc. (referred to hereinafter as "DIRECTV"), is at all times

10   relevant hereto a corporation incorporated under the laws of the State of California.  DIRECTV is

11   a major distributor of satellite programming doing business throughout the United States.  Through

12   its operations, DIRECTV provides interstate direct broadcast satellite programming to subscribers

13   with specialized satellite receiving equipment who pay for the programming via a subscription fee

14   and obtain a programming license from DIRECTV in return for a subscription.  The obvious result

15   of a user subscription is that users can then watch programs on their televisions and/or listen to

16   certain high quality audio programs communicated electronically by DIRECTV via satellite (referred

17   to hereinafter as the "Satellite Programming").  DIRECTV holds proprietary rights to the Satellite

18   Programming it transmits and DIRECTV is the owner of and/or a lawfully designated distribution

19   agent for such Satellite Programming.

20

21                                                  COMP.

1         6.    Upon information and belief, Defendants, PETER AN PHUONG NGO NGUYEN

2    and MY THI UONG, are the owners of the defendant, CLOUD 9 RESTAURANT INC., d/b/a

3    CLOUD 9 RESTAURANT, for the premises located at 16537-16539 Brookhurst Street, Fountain

4    Valley, CA   92708.   Upon information and belief, Defendant, PETER AN PHUONG NGO

5    NGUYEN, resides in the State of California.   Upon information and belief, Defendant, MY THI

6    UONG, resides in the State of California.

7         7.    Upon information and belief, Defendant, CLOUD 9 RESTAURANT INC., d/b/a

8    CLOUD 9 RESTAURANT, is the premises name located at 16537-16539 Brookhurst Street,

9    Fountain Valley, CA   92708.

10        8.    Upon information and belief, Defendant, CLOUD 9 RESTAURANT INC., d/b/a

11   CLOUD 9 RESTAURANT, is located and doing business at 16537-16539 Brookhurst Street,

12   Fountain Valley, CA   92708, as a commercial establishment.

13

14                    **IV. <u>FACTS</u>**

15        9.    DIRECTV incorporates and realleges by reference allegations within paragraphs 1

16   through 8 of this complaint as if fully set forth herein.

17        10.    By way of further allegation, DIRECTV alleges that to prevent unauthorized entities

18   and persons from viewing the Satellite Programming, DIRECTV encrypts the satellite transmissions.

19   Upon payment of the appropriate subscription or license fees, DIRECTV authorizes and enables the

20   subscriber to unscramble and receive the Satellite Programming.

21                                                  COMP.

1        11.    DIRECTV provides services to homes based on residential rates and to commercial

2    establishments under commercial rates. Because equipment used with DIRECTV services can be

3    moved from residential locations to commercial establishments without DIRECTV's knowledge,

4    commercial gain, at the lower residential rates can surreptitiously gain access to DIRECTV

5    programming without proper authorization by subscribing to DIRECTV services under a residential

6    account and then installing/moving the equipment to their businesses and utilizing those services in

7    a commercial environment.

8        12.    On or about, and prior to, April 18, 2009, Defendants had a valid commercial account

9    with DIRECTV under Account No. 80573907.

10        13. Without obtaining valid commercial exhibition rights, the Defendants willfully received

11    and displayed Satellite Programming to the public and for commercial benefit or financial gain;

12    specifically, Defendants received and displayed, among other programs, the UFC #97 Pay-Per-View

13    program. Such Satellite Programming was displayed without authorization from DIRECTV.

14        14.    Defendants, without entitlement, without prior permission or authorization from

15    DIRECTV, and without having paid DIRECTV for the right to receive, broadcast, use or display

16    DIRECTV's Satellite Programming in the commercial establishment known as CLOUD 9

17    RESTAURANT, have received, assisted in receiving, transmitted, assisted in transmitting, divulged,

18    published and displayed the content and substance of DIRECTV's Satellite Programming at such

19    Defendants' place of business, CLOUD 9 RESTAURANT. Without authorization, Defendants

20    displayed and/or published such Satellite Programming to their customers and others. Defendants'

21                                      COMP.

1    conduct violates several federal statutes, including 18 U.S.C. §§2511 and 2512, and 47

2    U.S.C. §605, and laws of the District of California.  Moreover, Defendants' acts were unauthorized,

3    willful, and for purposes of direct or indirect commercial advantage or private financial gain.

4         15.    DIRECTV has been damaged by Defendants in that (a) DIRECTV has been denied

5    subscription fees for commercial use of its Satellite Programming; (b) DIRECTV's sales have been

6    reduced through Defendants' unfair competition with DIRECTV's authorized customers; and (c)

7    DIRECTV's proprietary rights in the Satellite Programming have been impaired.  In addition,

8    Defendants profited and gained commercial advantage from the unauthorized and willful use of

9    DIRECTV's Satellite Programming.

10        16.    DIRECTV has been required to retain attorneys to prevent Defendants' wrongful acts

11   and to prosecute this action.  Due to Defendants' statutory violations, DIRECTV is entitled to

12   recover the reasonable attorneys' fees and expenses incurred in prosecution of this action under

13   federal law.

14

15                           **V. CAUSES OF ACTION**

16            **Count 1 - Damages for Violations of Cable Communications Policy Act**
17                          **[47 U.S.C. §605(e)(3(C)]**
18
19        17.    DIRECTV realleges the allegations contained in the foregoing paragraphs of this

20   Complaint and incorporates such allegations as if fully set forth herein.

21        18.    DIRECTV alleges on information and belief, that Defendants effected unauthorized

22   interception and receipt of Satellite Programming by ordering programming for residential use and

23                                                              COMP.

1    subsequently displaying the programming in a commercial establishment for commercial gain

2    without authorization, or by such other means which are unknown to DIRECTV and known only to

3    Defendants.

4         19.    Each of the Defendants' acts violates federal law.  Defendants, illegally and without

5    authorization, intercepted, received and exhibited, or otherwise assisted in the unauthorized

6    interception, reception or exhibition of Satellite Programming transmitted by DIRECTV. Moreover,

7    Defendants divulged or published the existence, contents, substance, purport, effect or meaning of

8    such satellite communications. Further, Defendants used such communications for their own benefit

9    or for the benefit of others who were not entitled to such communications.  Each of these acts is a

10   practice prohibited by 47 U.S.C. §605(a).

11        20.    DIRECTV is a person aggrieved by Defendants' violation of 47 U.S.C. §605 and is

12   authorized to institute this action against Defendants pursuant to 47 U.S.C. §605(e)(3)(A).

13        21.    Defendants' violations of 47 U.S.C. §605 have injured DIRECTV's ability to

14   maximize the revenues which it seeks to derive from the Satellite Programming, as DIRECTV has

15   been deprived of the benefit of subscribers to the Satellite Programming.  As a further result of such

16   violations, DIRECTV's goodwill and reputation have been usurped by Defendants while Defendants

17   gained and will continue to gain unjust profits and undeserved goodwill.  DIRECTV is entitled to

18   costs, reasonable attorney's fees, actual damages suffered and profits obtained by Defendants

19   attributable to their illegal conduct.

20

21                                      COMP.

22.     Alternatively, DIRECTV is entitled to statutory damages in an amount not less than $1,000 nor more than $10,000 for each violation of 47 U.S.C. §605(a).

23.     DIRECTV will further show that Defendants' conduct in violation of 47 U.S.C. §605(a) was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain.

24.     Due to Defendants' willful conduct, DIRECTV is entitled to statutory damages in an amount not less than $10,000 and up to $100,000 for each willful violation of 47 U.S.C. §605(a).

### Count 2 - Damages for Violations of 18 U.S.C. §2511

25.     DIRECTV realleges the allegations contained in the foregoing paragraphs of this Complaint and incorporates such allegations as if fully set forth herein.

26.     For a further cause of action, DIRECTV alleges that Defendants intentionally intercepted, endeavored to intercept, or procured other persons to intercept electronic communications from DIRECTV. Defendants further disclosed or endeavored to disclose to others the contents of electronic communications, knowing or having a reason to know that the information was obtained through the interception of electronic communications in violation of 18 U.S.C. §2511. Defendants further intentionally used or endeavored to use the contents of electronic communications, knowing or having reason to know that the information was obtained through the interception of electronic communications in violation of 18 U.S.C. §2511.

COMP.

1    27.    DIRECTV is a person whose electronic communications are being intercepted,

2    disclosed and/or intentionally used in violation of 18 U.S.C. §2511.

3    28.    Due to Defendants' wrongful conduct, DIRECTV is entitled, under 18 U.S.C. §2520,

4    to the greater of the sum of (1) actual damages suffered by DIRECTV and the profits made by the

5    Defendants as a result of their conduct, or (2) statutory damages in an amount the greater of $10,000

6    or $100 per day for each day Defendants acted in violation of 18 U.S.C. §2511.

7

8                         **Count 3 - Civil Conversion**

9    29.    DIRECTV realleges the allegations contained in the foregoing paragraphs of this

10   Complaint and incorporates such allegations as if fully set forth herein.

11   30.    By virtue of the conduct set forth above, Defendants have unlawfully converted

12   DIRECTV's property for their own commercial use and benefit.

13   31.    Such conversion was done intentionally and wrongfully by Defendants to deprive

14   DIRECTV of its proprietary interests, and for Defendants' direct commercial benefit and advantage.

15   32.    Due to Defendants' wrongful conversion of DIRECTV Satellite Programming,

16   DIRECTV suffered damages.

17

18                     **VI. REQUEST FOR INJUNCTIVE RELIEF**

19   33.    DIRECTV realleges the allegations contained in the foregoing paragraphs of this

20   Complaint and incorporates such allegations as if fully set forth herein.

34.     DIRECTV further alleges that unless restrained by this Court, Defendants will continue to receive, intercept, transmit, and exhibit the Satellite Programming, illegally and without authorization, in violation of 47 U.S.C. §605.  Defendants intercepted and publicly exhibited the Satellite Programming without authorization on at least one (1) occasion and DIRECTV cannot practicably detect or determine each occasion on which Defendants have intercepted and publicly exhibited the Satellite Programming.

35.     The violations of 47 U.S.C. §605 set forth above have caused and will continue to cause DIRECTV irreparable harm.

36.     DIRECTV cannot practicably determine the loss of subscribers and lost revenues resulting from Defendants' unlawful conduct.  In addition to diminishing DIRECTV's revenues, Defendants' unlawful conduct injures DIRECTV's reputation and goodwill as well as its ability to attract and finance the future acquisition, production, and distribution of quality programming, thereby impairing DIRECTV's ability to enhance its future growth and profitability.

37.     DIRECTV has no adequate remedy at law to redress the violations set forth above.

## VII. __PRAYER__

WHEREFORE, Plaintiff, DIRECTV, INC., prays that this Court enter judgment in its favor and against Defendants, and:

COMP.

Respectfully submitted,

DIRECTV, Inc.

By: _____
     WAYNE D. LONSTEIN
     Attorney for Plaintiff
     LONSTEIN LAW OFFICE, P.C.
     1 Terrace Hill : P.O. Box 351
     Ellenville, NY  12428
     Telephone:  (845) 647-8500
     Facsimile:   (845) 647-6277
     Email: Info@signallaw.com, Wayne@signallaw.com
     Our File No. DTV09-06CA-C01V


BY: _____
     Yasha Bronshteyn, Esq.
     Ginzburg & Bronshteyn, LLP
     11111 Santa Monica Boulevard, Suite 1840
     Los Angeles, CA 90025
     Tel. (310)914-3222
     Fax (310)914-4242
     SBN: 210248

-12-                                    COMP

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge A. Howard Matz and the assigned discovery Magistrate Judge is Ralph Zarefsky.

The case number on all documents filed with the Court should read as follows:

## CV10- 2743 AHM (RZx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=======================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

ORIGINAL

Yasha Bronshteyn, Esq.
Ginzburg & Bronshteyn, LLP
11111 Santa Monica Boulevard, Suite 1840
Los Angeles, CA 90025
Tel. (310)914-3222
Fax (310)914-4242
SBN: 210248

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Directv, Inc., a California corporation,<br><br><br>PLAINTIFF(S)<br><br>v.<br><br>PETER AN PHUONG NGO NGUYEN and MY THI UONG,<br>Individually, and as officers, directors, shareholders and/or principals<br>of CLOUD 9 RESTAURANT INC., d/b/a CLOUD 9 RESTAURANT,<br>and CLOUD 9 RESTAURANT INC., d/b/a CLOUD 9 RESTAURANT,<br><br>DEFENDANT(S). | CASE NUMBER<br><br><br><br>**CV10-2743 AHM (RZx)**<br><br>**SUMMONS** |

TO:     DEFENDANT(S): Please see attached _____

_____

A lawsuit has been filed against you.

Within ___21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Lonstein Law Office, P.C._____, whose address is _1 Terrace Hill, P.O. Box 351, Ellenville, NY  12428_____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: ___April 15, 2010___                         By: _____
                                                                              Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

Yasha Bronshteyn, Esq.
Ginzburg & Bronshteyn, LLP
11111 Santa Monica Boulevard, Suite 1840
Los Angeles, CA 90025
Tel. (310)914-3222
Fax (310)914-4242
SBN: 210248

Wayne D. Lonstein, Esq.
Lonstein Law Office, P.C.
1 Terrace Hill, P.O. Box 351
Ellenville, NY 12428
Tel. (845) 647-8500
Fax (845) 647-6277
Email: Wayne@signallaw.com


## UNITED STATES DISTRICT COURT FOR THE
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

---------------------------------------------------------

DIRECTV, Inc., a California corporation,

                 Plaintiff,

     v.

PETER AN PHUONG NGO NGUYEN and
MY THI UONG, Individually, and as
officers, directors, shareholders and/or
principals of CLOUD 9 RESTAURANT
INC., d/b/a CLOUD 9 RESTAURANT, and
CLOUD 9 RESTAURANT INC., d/b/a
CLOUD 9 RESTAURANT,

                Defendants.

---------------------------------------------------------

**ATTACHMENT TO SUMMONS**

Civil Action No.

**SUMMONS ATTACHMENT LIST**
**PLAINTIFF, DIRECTV, INC.**
**EVENT: April 18, 2009, UFC #97**
**OUR FILE NO.: DTV09-6CA-C01V**

PETER AN PHUONG NGO NGUYEN and MY THI UONG, Individually, and as officers, directors, shareholders and/or principals of CLOUD 9 RESTAURANT INC., d/b/a CLOUD 9 RESTAURANT, and CLOUD 9 RESTAURANT INC., d/b/a CLOUD 9 RESTAURANT

**16537-16539 Brookhurst Street**                              *Orange County*
**Fountain Valley, CA  92708**
**Our File No. DTV09-6CA-C01V**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Directv, Inc., a California corporation

**DEFENDANTS**
Peter An Phuong Ngo Nguyen, et al

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Lonstein Law Office, P.C., 1 Terrace Hill, P.O. Box 351,
Ellenville, New York  12428
Tel. (845) 647-8500

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No  ☐ MONEY DEMANDED IN COMPLAINT: $ 120,000 plus fees as to each deft.

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☑ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | **IMMIGRATION** | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV10-2743 AHM (RZx)

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                          CIVIL COVER SHEET                          Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date 4/12/10

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CIVIL COVER SHEET